UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. 07-351 (RMC) |
| : | |
| v. : | |
| : | |
| HERBERT BASS, : | |
| : | |
| Defendant. : | |

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and the Defendant hereby submit the following in preparation for a plea hearing in the instant case:

I.   ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii), each of which the Government must prove beyond a reasonable doubt, are:

1. That the Defendant possessed a controlled substance, which was fifty grams or more of cocaine base;

2. That the Defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently; and

3. That when the defendant possessed the controlled substance, he had the specific intent to distribute it.

II.  COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement is attached.

III.     PENALTIES:

Pursuant to 21 United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii), the crime of Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base carries a penalty of a term of imprisonment of not less than ten (10) years or more than life, a fine of up to $4,000,000.00, or both, and a term of supervised release of at least five (5) years.

IV.     STATEMENT OF THE OFFENSE:

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on May 30, 2007, at about 8:50 a.m., agents of the Bureau of Alcohol, Tobacco Firearms and Explosives ("ATF") executed a search warrant at Defendant Herbert Bass's 641 Nicholson Street, Northwest, address. Inside, they found the defendant. Agents advised the defendant of his Miranda rights, and the defendant agreed to waive those rights and to speak with the agents. The defendant told the agents they would find a 9 millimeter pistol and ammunition in a drawer in his bedroom, and the defendant also admitted that the agents would find two or three more guns in his bedroom.

During the search, ATF agents recovered two small clear bags of cocaine base, two small clear bags of marijuana, drug packaging material, an electronic scale, U.S. currency, four handguns, including a Taurus 9 millimeter pistol, and ammunition from the defendant's bedroom. The agents also recovered a bag of cocaine base inside a boot located in a second bedroom, and multiple, loose chunks of cocaine base inside a toilet located on the first floor of the home. The cocaine base recovered from the defendant's bedroom, the boot and the toilet was examined by the Drug Enforcement Administration ("DEA") and determined to have a combined net weight of 125.7 grams. The marijuana recovered from the defendant's bedroom was also examined by the DEA and

determined to have a net weight of 3.5 grams.

During the execution of the search warrant, the defendant admitted that the drugs in his bedroom and in the first floor toilet belonged to him. The defendant also admitted that the firearms and ammunition found in his bedroom belonged to him, and he told the agents that he had tried to flush cocaine base down the first floor toilet when the agents attempted to enter the home.

The foregoing proffer is a summary of the Defendant's participation in the offense of Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base, and is not intended to be a complete account of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the Defendant's guilty plea in this case.

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 489-610

BY: _____
DAVID P. SAYBOLT
Assistant United States Attorney
Virginia Bar
U.S. Attorney's Office
555 Fourth Street NW, Room 4840
Washington, DC 20530
(202) 307-6080
David.Saybolt@usdoj.gov

## DEFENDANT'S ACCEPTANCE

      I have read the Government's Proffer of Evidence setting forth the facts as to my Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) . I have discussed this proffer fully with my attorney, Grandison Hill, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date:_____  _____
                                                                           HERBERT BASS
                                                                           Defendant

## ATTORNEY'S ACKNOWLEDGMENT

      I have read the government's proffer of evidence as to my client's Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base. I have reviewed the entire proffer with my client and have discussed it with him fully. I acknowledge my client's agreement with and acceptance of this proffer.

Date:_____  _____
                                                                           GRANDISON HILL
                                                                           Counsel for Defendant

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 6, 2007

**Via Facsimile (202-588-1209) and**
**First-Class Mail**
Grandison Hill, Esquire
7600 Georgia Avenue, N.W.
Suite 203
Washington, D.C. 20012

                Re:        United States v. Herbert Bass
                          *Magistrate Case No. 07-256*

Dear Mr. Hill:

      This letter sets forth the full and complete plea offer to your client, Herbert Bass, from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire after **Friday, December 14, 2007**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

      **Charges and Statutory Penalties**

      1.    Your client agrees to waive indictment and plead guilty to a one-count criminal Information charging him with Unlawful Possession with Intent to Distribute Fifty (50) Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii). Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the United States Sentencing Commission, Guidelines Manual 2006 (hereinafter "Sentencing Guidelines" or "U.S.S.G."), your client is accountable for at least 50 grams but less than 150 grams of cocaine base, and 3.5 grams of marijuana, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. Your client also agrees and will acknowledge that your client possessed a dangerous weapon, that is, your client possessed at least one firearm at the time he committed the offense.

      2.    Your client understands that pursuant to Title 21, United States Code, Section 841(b)(1)(A)(iii), the charge carries a penalty of a term of imprisonment which may not be less than ten (10) years and not more than life, a fine of up to $4,000,000.00, or both, and a term of supervised

release of at least five (5) years. Your client understands that eligibility for parole, probation, and suspended sentences are not applicable to persons sentenced under this subparagraph. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that pursuant to Title 18, United States Code, Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense.

**Factual Stipulations**

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty, and fairly and accurately describes your client's additional relevant conduct. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. Sections 3553(a) and 3553(c) through (f), of the 2007 Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining te appropriate sentence, the parties stipulate to the following. <u>However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.</u> The parties agree that the weapon possession enhancement in Section 2D1.1(b)(1) of the Sentencing Guidelines applies in determining the defendant's guideline range.

**Adjustment for Acceptance of Responsibility:**

6. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G., Section 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant

to § 3E1.1(b), U.S.S.G, because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Guideline Departures

7.  The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range is warranted. Accordingly, neither party will seek such a departure. Nor will either party suggest that the Court consider such a departure.

### Agreement as to Sentencing Allocution

8.  The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the Court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

9.  Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (I) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement

10. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

11. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any

3

stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

12. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Forfeiture

13. Under the terms of this plea agreement, your client agrees to the forfeiture of all proceeds obtained by committing a violation of the Controlled Substances Act, 21 U.S.C. §§ 801, et al., even though your client is not pleading guilty to that violation. These proceeds include, but are not limited to the following specific property: $155,849.83 in U.S. currency; one Swiss Accutron watch; and one Valentino watch. Additionally, your client agrees to the forfeiture of any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of the Controlled Substances Act. Your client agrees that this forfeiture is authorized pursuant to 21 U.S.C. § 881. Your client agrees that the absence of an enumeration in this plea agreement of specific assets that are subject to forfeiture does not preclude or estop the government from seeking to forfeit such assets.

14. If this Office determines that it wishes to effect forfeiture of any interest or property described in this agreement by a process or procedures that are not part of this criminal case, upon request, your client agrees to waive all interest in any such property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of any and all interest or property whose forfeiture is covered under the terms of this agreement.

15. Your client agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the government to pass clear title to forfeitable interests or property to the United States, and to testify truthfully in any judicial forfeiture proceeding.

16. Your client agrees that prior to or at the time of the sentencing, your client will provide a full and complete accounting of all assets, real or tangible, held by your client, or in any

other name for your client's benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

17. Further, your client acknowledges and agrees that the government reserves its right to bring a civil action, if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

**Detention**

18. Your client understands that upon a finding of guilt, your client shall be detained pending your client's sentencing in this case pursuant to 18 U.S.C., Section 3143, unless the Court finds by clear and convincing evidence that your client is not likely to flee or pose a danger to the community if released. Your client further understands that the government intends to request that your client be detained without bond pending sentencing.

**Breach of Agreement**

19. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

20. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

21. Your client understands and agrees that the government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

22. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from

prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

23. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

24. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C., Section 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

25. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

26. Your client further understands that this Agreement is binding only upon the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

27.    If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

        Sincerely yours,

        _____
        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498610

By:   _____
      DAVID P. SAYBOLT
      Assistant United States Attorney
      Virginia Bar
      U.S. Attorney's Office
      555 4th Street, N.W., Rm. 4840
      Washington, D.C. 20530
      (202) 307-6080
      David.Saybolt@usdoj.gov

## DEFENDANT'S ACCEPTANCE

I have read all <u>7</u> pages of this plea agreement and have discussed it with my attorney, Grandison Hill, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____       _____
                                    Herbert Bass
                                    Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the <u>7</u> pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____       _____
                                    Grandison Hill, Esquire
                                    Attorney for the Defendant