UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-351 (RMC) |
| v. | : | |
| HERBERT BASS, | : | |
| Defendant. | : | |

**UNITED STATES' MOTION FOR GUIDELINE CREDIT
AND MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to § 3E1.1(a) & (b) of the Sentencing Guidelines, to adjust the defendant's offense level down three levels reflecting the defendant's acceptance of responsibility for this offense. The United States also submits this memorandum in aid of sentencing.

**I.   BACKGROUND**

On December 18, 2007, the defendant was indicted on one count of Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A)(iii). On January 2, 2008, defendant, pursuant to a written plea agreement, pled guilty to the indictment. At that time the defendant signed a "Statement of offense" and admitted to the following:

On May 30, 2007, at about 8:50 a.m., agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") executed a search warrant at defendant Herbert Bass's 641 Nicholson Street, Northwest, address. Inside, they found the defendant. Agents advised the defendant of

1

his <u>Miranda</u> rights, and the defendant agreed to waive those rights and to speak with the agents. The defendant told the agents they would find a 9 millimeter pistol and ammunition in a drawer in his bedroom, and the defendant also admitted that the agents would find two or three more guns in his bedroom.

During the search, ATF agents recovered two small clear bags of cocaine base, two small clear bags of marijuana, drug packaging material, an electronic scale, U.S. currency, four handguns, including a Taurus 9 millimeter pistol, and ammunition from the defendant's bedroom. The agents also recovered a bag of cocaine base inside a boot located in a second bedroom, and multiple, loose chunks of cocaine base inside a toilet located on the first floor of the home. The cocaine base recovered from the defendant's bedroom, the boot and the toilet was examined by the Drug Enforcement Administration ("DEA") and determined to have a combined net weight of 125.7 grams. The marijuana recovered from the defendant's bedroom was also examined by the DEA and determined to have a net weight of 3.5 grams.

During the execution of the search warrant, the defendant admitted that the drugs in his bedroom and in the first floor toilet belonged to him. The defendant also admitted that the firearms and ammunition found in his bedroom belonged to him, and he told the agents that he had tried to flush cocaine base down the first floor toilet when the agents attempted to enter the home.

**II.   SENTENCING CALCULATION**

   A.   <u>Statutory Minimums and Maximums</u>

Pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), the crime of Unlawful Possession with Intent to Distribute Fifty Grams or More of Cocaine Base carries a penalty of a

term of imprisonment of not less than ten (10) years or more than life, a fine of up to $4,000,000.00, or both, and a term of supervised release of at least five (5) years.

    B.    <u>Sentencing Guidelines Calculation</u>

The Guidelines calculation utilized in the Presentence Investigation Report ("PSR") calculates the defendant's total offense level at 31. <u>See</u> PSR ¶ 20. (This calculation contemplates a three-level decrease to the defendant's base offense level pursuant to Section 3E1.1 of the Guidelines). The PSR calculates the defendant's criminal history as Category I. <u>See</u> PSR ¶ 23. Therefore, the PSR calculates the Guideline range for the defendant at 108 to 135 months. <u>See</u> PSR ¶ 49. When the mandatory minimum is included, the effective Guideline range for the defendant is 120-135 months. <u>Id</u>.

### III. GOVERNMENT'S RECOMMENDATIONS

    A.    <u>Acceptance of Responsibility</u>

The government agrees that the defendant's base offense level should be decreased by three points pursuant to Section 3E1.1 of the Sentencing Guidelines. He entered a guilty plea, thereby admitting the conduct comprising the offense, and he has cooperated in the pre-sentence investigation. Accordingly, the government is moving the Court to grant a three-level decrease in the offense level pursuant to § 3E1.1 of the Sentencing Guidelines.

    B.    <u>Application of the Federal Guidelines post-Booker</u>

The Court should impose a sentence at the lowest end of the Guidelines' range consistent with the statutory mandatory minimum. "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." <u>United States v. Booker</u>, 543 U.S. 220, 264 (2005) (citing 18 U.S.C. § 3553(a)(4) & (5)). The

Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of two decades of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. A sentence within the Guideline range is reasonable in this case because it would help further the goals articulated in 18 U.S.C. § 3553(a) such as "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

    C.    <u>Basis for Government's Sentencing Recommendation</u>

Pursuant to 18 U.S.C. § 3553(a), the Court should impose a sentence at the low end of the defendant's effective Guideline range. This low end sentence is appropriate for a number of reasons. First, the nature and conduct of defendant's offense is extremely serious. He possessed 125.7 grams of crack cocaine and a pistol (perhaps several firearms) with ammunition. His conduct poses a serious risk to the health, welfare and physical safety of this community. Second, the history and characteristics of the defendant point in conflicting directions. On the one hand, defendant is 38 years old, well past the age of impressionability. This is his third arrest and second conviction for drugs, and his third arrest for weapons possession. Addiction has not driven him to sell drugs. On the other hand, he has a considerable employment history and a significant educational history as a high school graduate with some college. He was able successfully to complete three years of probation in 2000. He is a capable person well able to hold down a job. Unfortunately, after a ten-year employment history, he has chosen to return to a

life of drugs and guns, a life he has been participating in off and on for eighteen years. In the government's view, the mandatory minimum sentence of 120 months – which falls squarely in the middle of defendant's original Guideline range – adequately ensures that the appropriate sentencing factors are taken into account. Such a sentence is necessary to promote respect for the law, provide just punishment for the offense and adequately deter the defendant's criminal conduct, and there are no factors that warrant the defendant being treated differently from other similarly situated defendants.

## IV.   CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the defendant to 120 months of incarceration.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

    /s/ David P. Saybolt
David P. Saybolt
Assistant United States Attorney
Federal Major Crimes Section
Virginia Bar
555 4th Street, N.W.
Washington, DC 20530
(202) 307-6080
Fax: 353-9414
David.Saybolt@usdoj.gov